# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALICIA ANDERSON, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N20A-05-007 VLM |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD and PAINTING | ) | |
| WITH A TWIST, | ) | |
| | ) | |
| Employer-Appellees, | ) | |

## ORDER

Submitted: February 4, 2021
Decided: May 13, 2021

*Upon Consideration of Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board*, **AFFIRMED**.

Alicia Anderson, *Pro Se*.

Daniel C. Mulveny, Esquire, Department of Justice, Wilmington, DE.
*Attorney for Appellee Unemployment Insurance Appeal Board*.

Victoria W. Counihan, Esquire, Department of Justice, Wilmington, DE.
*Attorney for Delaware Division of Unemployment Insurance*.

**MEDINILLA, J.**

1

# I. INTRODUCTION

Appellant, Alicia Anderson ("Anderson") appeals a decision of the Unemployment Insurance Appeal Board ("Board") that found because she was not unemployed, she was disqualified from receiving unemployment insurance benefits under 19 *Del. C.* § 3302(17). Upon consideration of the arguments, submissions of the parties, and the record in this case, the Court hereby finds as follows:

1. Anderson was a part-time senior artist at Painting with a Twist ("Employer") after she was hired in April 2016.[1] When Anderson first started working, she would work between 20-30 hours a week.[2] Although Anderson began at 20-30 hours per week, hours were reduced soon after.[3] Eventually, Anderson's hours fell to 0-4 per week.[4]

2. Employer did not commit to giving Anderson a set number of hours, nor was there any guarantee that she would receive a certain number of hours in her offer letter of employment.[5] While it is unclear from the record when issues with Anderson began, by 2018, Employer had received emails from other employees stating they did not wish to work with Anderson because she was creating a hostile work environment.[6] As a result, Employer had difficulty providing Anderson with

---

[1] Record, at 27, 29 [hereinafter R.].
[2] *Id.* at 30.
[3] *Id.* at 32-33.
[4] *Id.* at 30.
[5] *Id.* at 34, 37-38, 133-34.
[6] R. at 18-19, 51-52.

hours.[7] Employer provided both verbal and written communications for improvement.[8] Anderson's conduct failed to improve, however, and in April 2019, Employer sent her a final warning, indicating if there was another complaint, Anderson would be terminated.[9]

3. Due to the reduced hours, Anderson filed a claim for unemployment benefits with the Division of Unemployment Insurance on August 4, 2019. On August 30, 2019, a Claims Deputy found that Anderson was not unemployed, thus disqualifying her from unemployment benefits under 19 *Del. C.* § 3302(17).[10] Anderson timely appealed to an Appeals Referee.[11] During the pendency of the appeal, Employer terminated Anderson's employment.[12] On September 26, 2019, following a hearing, the Appeals Referee affirmed the Claims Deputy's decision that Anderson was not unemployed when she filed her claim.[13] Anderson appealed the decision to the Board.[14]

---

[7] *Id.* at 55.
[8] *Id.* at 16, 55.
[9] *Id.* at 20, 63.
[10] *Id.* at 4-5.
[11] *Id.* at 1-2.
[12] *Id.* at 54.
[13] *Id.* at 9-11.
[14] *Id.* at 82. The Board initially denied Anderson's appeal as untimely, which Anderson appealed to this Court. On January 8, 2020, the parties jointly requested that the Court remand the case to the Board after an investigation revealed a processing error caused Anderson's appeal to be improperly considered untimely. The Court granted the request and remanded the case to the Board.

4. On February 5, 2020, the Board heard Anderson's appeal. Anderson argued she was unemployed since she had intended to utilize her job as an artist as her main job.[15] This argument failed. On April 7, 2020, the Board upheld the Referee's decision finding that Anderson was not unemployed,[16] primarily because the evidence established no guarantee of hours in her employment contract.[17]

5. On June 16, 2020, Anderson appealed the Board's decision.[18] On December 7, 2020, Anderson filed her opening brief. The Division of Unemployment Insurance filed a December 22 letter in lieu of an answering brief. On December 23, 2020, the Board filed its answering brief. On January 21, 2021, Anderson filed her reply brief. This Court was assigned the matter on February 4, 2021 and the matter is now ripe for review.

## II. STANDARD OF REVIEW

6. On an appeal from the Board, this "[C]ourt must determine whether the findings and conclusions of the Board are free from legal error" and whether they are "supported by substantial evidence in the record."[19] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[15] R. at 133-34.
[16] *Id.* at 143-48.
[17] *Id.* at 145.
[18] Opening Brief, D.I. 10, at XV [hereinafter Opening Br.].
[19] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 7, 2011) (citing *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981); *Pochvatilla v. United State Postal Serv.*, 1997 WL 524062, at *2 (Del. Super. June 9, 1997); 19 *Del. C.* § 3323(a)).

conclusion."[20]  The Court does not "weigh the evidence or make determinations based on credibility or facts."[21]  Absent an abuse of discretion by the Board, this Court will uphold the Board's determination.[22]

### III.  DISCUSSION

7.      Anderson raises multiple reasons for why she believes the Board erred.[23]  Her contentions can be summed up into two main arguments: (1) that the Board did not have substantial evidence to support its findings; and (2) that she was denied due process throughout the proceedings.  The Court addresses each argument in turn.

### A. The Board's Findings are Supported by Substantial Evidence

8.      Under 19 *Del. C.* § 3302(17) a person is considered unemployed during any week where the individual provides no services and no wages are payable to that person, or "in any week of less than full-time work if the wages payable to the individual with respect to such week are less than the individual's weekly benefit amount plus whichever is the greater of $10 or 50% of the individual's weekly benefit amount."[24]  In interpreting the definition of unemployment, the Court has

---

[20] *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. July 29, 2011) (quoting *Oceanport Industries, Inc. v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[21] *Id.* (citing *Johnson v. Chrysler Corp.*, 203 A.2d 64, 66 (Del. 1965)).

[22] *See Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[23] *See* Opening Br. at XV-XX.

[24] 19 *Del. C.* § 3302(17) ("'Unemployment' exists and an individual is 'unemployed' in any week during which the individual performs no services and with respect to which no wages are payable to the individual, or in any week of less than full-time work if the wages payable to the

5

held that "an employee *may* be eligible for unemployment benefits when [s]he is working fewer hours than [s]he normally works."[25] Anderson therefore claims that she is eligible for unemployment benefits as a result of her reduced hours.

9. However, the record supports the Board's finding that Anderson was never guaranteed a set number of hours in her employment contract.[26] In fact, at both hearings, Anderson testified that she was never guaranteed any hours from Employer nor was a certain number promised to her in her offer of employment letter.[27] Although Anderson's version of her allocated hours included a belief that she would work 20-30 hours per week in the beginning of her employment,[28] she offered conflicting testimony—that set hours were afforded yet a later admission that her hours were constantly changing.[29]

10. Though Anderson may have been under the impression that she "was going to be given hours as a top priority[,]"[30] the record supports the finding that there was no guarantee. Thus, the Court finds that there was substantial evidence to

individual with respect to such week are less than the individual's weekly benefit amount plus whichever is the greater of $10 or 50% of the individual's weekly benefit amount. The Department shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedures as to total unemployment, part-total unemployment, partial unemployment of individuals attached to their regular jobs and other forms of short-time work as the Department deems necessary.").

[25] *Annand v. Division of Unemployment Ins. Appeal Bd.*, 2011 WL 2698620, at *2 (Del. Super. July 1, 2011) (emphasis added).

[26] *See* R. at 145.

[27] *See id.* at 34, 37-38, 133-34.

[28] *See id.* at 30.

[29] *See id.* at 32-33, 36.

[30] *Id.* at 38.

support the Board's decision that Anderson was not unemployed under 19 *Del. C.* § 3302(17).

**B. Anderson was not Denied Due Process**

11. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"[31] The formality and procedure required will vary on the nature of the case.[32] In terms of a claim before the Board, due process requires that a party receive notice and a hearing.[33] Anderson does not claim that she did not receive notice or a hearing. Instead, she takes issue with the conduct of the Department of Labor and the Board.[34] Both claims are without merit.

    i. <u>Anderson's Claims Against the Department of Labor</u>

12. First, the Court finds no support for Anderson's claims that the Claims Deputy and Appeals Referee mischaracterized her statements and made false statements to the Board.[35] The Court has thoroughly reviewed the record in this case, and finds no evidence that either the Claims Deputy or the Appeals Referee made any false or misleading statements in their decisions. Further, even if such

---

[31] *Schweizer v. Board of Adjustments of City of Newark*, 980 A.2d 379, 385-86 (Del. 2009) (quoting *Matthews v. Eldridge*, 424 U.S. 319, 336 (1976)).
[32] *Turkey's Inc. v. Peterson*, 2002 WL 977190, at *5 (Del. Super. May 13, 2002) (citing *Morris v. Southern Metals Processing Co.*, 530 A.2d 673 (Del. 1987)).
[33] *PAL of Wilm. v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008) (citation omitted).
[34] *See* Opening Br.
[35] *Id.* at XIII, XXII.

allegations were true, Anderson was presented with an opportunity, when she appeared before the Board, to present evidence or rectify any alleged mischaracterizations. Anderson failed to do so.[36]

13. Second, Anderson argues she was not provided due process because the Claims Deputy failed to explain her decision and that the Department of Labor did not advise Anderson on how to file an appeal.[37] The Claims Deputy was under no obligation to explain her decision nor provide legal advice. Notably, the Department of Labor *did* provide Anderson with the steps necessary to file an appeal of both the decisions of the Claims Deputy and the Appeals Referee; providing notice of the right and the process by which to institute an appeal.[38] And she did so exercise her right. Thus, it cannot be said she was denied due process.

ii. Anderson's Claims Against the Board

14. As to the claims against the Board, they are equally without merit. First, Anderson claims the Board refused to allow her an opportunity to explain why she believed the Appeals Referee's decision was wrong.[39] The record suggests otherwise. The Board expressly asked Anderson what part of the Appeals Referee's decision she disagreed with and was given an opportunity to make any final

---

[36] *See* R. at 129-138.
[37] Opening Br. at III, XIII, XVI.
[38] R. at 5, 9.
[39] Opening Br. at XIV.

statements at the conclusion of the hearing.[40] Additionally, following the Board's questions regarding her hours of work, Anderson was permitted to explain, clarify, and fully establish the record.[41] At no time did she explain why she should be considered unemployed even though she had no guaranteed hours.[42]

15. Anderson's second claim is that the Board's questions were biased.[43] The Court disagrees. The Board's questions were directed to the issue at hand: whether Anderson had a certain guaranteed number of hours that would allow the Board to determine whether she could be considered unemployed.[44] The Board's questions to ascertain facts that would either weigh in favor or against Anderson does not amount to bias. And where Anderson testified that she was never guaranteed a certain number of hours of work, the Board was certainly free to consider such fact.[45]

16. Anderson's final arguments involve evidentiary issues, primarily the Board's consideration of hearsay and the time allocated to present her case.[46] As to

---

[40] R. at 133, 137.
[41] *Id.* at 134.
[42] *See id.* at 129-138.
[43] Opening Br. at V-VI.
[44] *See* R. at 133-34.
[45] *See id.*
[46] Anderson argues that she was not allowed to submit evidence and was given a limited time to make her case. *See* Opening Br. at VI-VII, XXV. Anderson also argues the Board improperly considered hearsay evidence. *See* Opening Br. at VII.

the latter, "[t]he Board has a busy docket and needs to move cases expeditiously."[47] Time constraints are the nature of the beast in legal proceedings. Where Anderson and Employer were provided with an opportunity to be heard sufficient for the Board to make its determination, any claim regarding limited time constraints does not rise to a denial of due process.

17. As to the hearsay issue, in Delaware, it is well-settled law that "hearsay evidence is permissible in certain instances in administrative hearings, although the administrative board may not rely upon such evidence as the sole basis for its decision."[48] Here, while the Board may have properly considered hearsay evidence in support of its decision, it is clear that the critical finding that she was not unemployed was established by Anderson's own admission that she was not guaranteed hours by Employer.[49] She simply failed to present any evidence to the contrary despite several opportunities to do so.

18. The record supports the Board's decision that Anderson was not unemployed within the meaning of 19 *Del. C.* § 3302(17), nor was Anderson denied due process throughout the proceedings. There is no error of law. For the foregoing reasons, the Board's decision is **AFFIRMED**.

---

[47] *Matthews v. Don-Lee Margin Corp.*, 2015 WL 4719837, at *2 (Del. Super. Aug. 5, 2015) (citation omitted).
[48] *Connell v. New Castle Cty.*, 2000 WL 707105, at *3 (Del. Super. Mar. 23, 2000).
[49] *See* R. at 145.

**IT IS SO ORDERED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge